In the Matter of the WELFARE
OF J.G.B., Child.

No. C1–88–2339.

Court of Appeals of Minnesota.

Aug. 15, 1989.

John S. Lind, Duluth, for appellant J.G.B.

Alan L. Mitchell, St. Louis County Atty., Mark M. Starr, Asst. County Atty., Virginia, for respondent St. Louis County.

Heard, considered and decided by CRIPPEN, P.J., and NORTON and MULALLY *, JJ.

## OPINION

NORTON, Judge.

This is an appeal from an order referring J.G.B. for prosecution in adult court on three separate delinquency petitions. J.G.B. claims that her constitutional right to a speedy trial has been violated, that her due process rights were violated, and that the evidence does not support the trial court's conclusion that she is unamenable to treatment and a threat to the public safety. We reverse and dismiss the delinquency petitions with prejudice.

## FACTS

J.G.B. is a Native American girl who was born on December 31, 1971. At the time of the offenses set forth in the three juvenile delinquency petitions, she was 16 years old. J.G.B. is a victim of sexual abuse by her grandfather and has a history of severe chemical dependency.

A juvenile delinquency petition filed in St. Louis County on April 20, 1988 alleged that J.G.B. sold a small amount of marijua-

---

\* Acting as judge of the Court of Appeals by ap-        pointment pursuant to Minn. Const. art. VI, § 2.

na to another juvenile allegedly constituting a felony. This offense was committed on February 14, 1988. The petition for this offense was refiled on August 22, 1988.

Another juvenile delinquency petition was filed on July 18, 1988 in Carlton County. This petition alleged that J.G.B. was severely intoxicated on July 12, 1988 and allegedly resisted arrest, committed criminal damage to a police car, two misdemeanor fifth degree assaults in kicking and fighting with police officers and felonious terroristic threats by threatening police officers. The venue of this petition was subsequently transferred to St. Louis County.

A third delinquency petition was filed in St. Louis County on August 3, 1988 alleging that J.G.B. committed arson in the first degree by lighting a fire in a motel room. This offense occurred on May 19, 1988.

J.G.B. had been placed with her paternal grandmother through a dependency neglect file. J.G.B. ran away from her grandmother's house on March 24, 1988 and was a runaway until her arrest in Carlton County on July 12, 1988. After her arrest in Carlton County, J.G.B. was placed in a chemical dependency treatment program at Moose Lake, Minnesota, through the dependency neglect file. J.G.B. was discharged from the chemical dependency treatment program at Moose Lake on August 17, 1988 and remained in detention at the Arrowhead Juvenile Center until her preliminary hearing on the three delinquency petitions on September 7, 1988.

On September 7, 1988, J.G.B. appeared in St. Louis County Court in Hibbing and entered a denial to all allegations in the three delinquency petitions. At this time, the St. Louis County prosecutor stated that he was thinking about referring J.G.B. for adult prosecution. The juvenile court stated that a referral petition could still be brought because denials or admissions had not been entered. A pre-trial hearing was set for September 13, 1988.

On September 9, 1988, a motion for reference on all three files was signed by the St. Louis County attorney and filed with the clerk of court. However, no formal notice of this motion was provided to J.G.B. or her counsel until September 13, 1988. At the pre-trial on September 13, 1988, J.G.B. objected to the timeliness of the filing of the motion for reference. Counsel for J.G.B. continued to state that his client had a right to have a trial on the allegations of the three petitions within thirty days of her denial pursuant to Rule 27.02 of the Juvenile Courts. The trial court set a reference hearing for September 29, 1988 and ordered that a reference study, a psychological evaluation, and a chemical dependency evaluation be done.

A contested reference hearing was held on September 29, 1988. A St. Louis County probation officer, Glenn Jackola, stated that he believed that J.G.B. was unamenable to treatment based on the fact that she has been involved in numerous treatment programs, all of which have been unsuccessful. Jackola also stated that he did not have experience with chemical dependency issues and that he was not a certified chemical dependency counselor.

William Morrison testified on behalf of J.G.B. Morrison has extensive background regarding Native American youth, chemical dependency, and sexual abuse. Morrison testified that he believed J.G.B. was amenable to treatment through a special program in Brainerd geared toward Native American youths. Morrison had been at the September 13, 1988 hearing and went into great detail about this program. The trial court, at that time, stated that it was willing to give J.G.B. the chance to enter the Four Winds Adolescent Treatment Program at the Brainerd State Hospital if the St. Louis County prosecutor agreed. However, the St. Louis County prosecutor did not agree, and instead proceeded with the reference petition.

Counsel were given until October 7, 1988 to present written arguments. A hearing for a continuance was also held on this date. The state asked for a continuance of thirty days for any trial of J.G.B. in the

juvenile court, if the trial court did not refer her to adult court or if there was an appeal. J.G.B. filed a written response opposing this motion, on the basis that J.G.B. was denied her right to a speedy trial under Minn.R.Juv.Cts. 27.02.

On October 12, 1988, an order certifying J.G.B. for adult prosecution was filed. The trial court found that J.G.B. is unamenable to treatment based on her past history in the juvenile system, and that she is a threat to public safety based on her past adjudications of delinquency and that her offenses are becoming more serious. J.G.B. appeals the reference claiming she was denied her right to a speedy trial, that due process was violated when no chemical or psychological evaluations were done, and that the trial court abused its discretion in referring J.G.B. for prosecution in adult court.

### ISSUE

Were J.G.B.'s rights under Minn.R.Juv. Cts. 27.02 and the constitutional provision requiring a speedy trial violated?

### ANALYSIS

J.G.B. had been in custody since August 17, 1988. She was arraigned on September 7, 1988, at which time she denied the allegations in the three juvenile petitions for delinquency, and requested her right to a speedy trial.

■ It is clear that J.G.B.'s right to a speedy trial did not begin until she denied the allegations of the three juvenile petitions on September 7, 1988. *See Matter of Welfare of J.D.P.*, 410 N.W.2d 1, 2 (Minn. Ct.App.1987), *pet. for rev. granted* (Minn. Sept. 23, 1987), *appeal dismissed* (Minn. Nov. 18, 1987). More significantly, a trial to determine if the allegations of the petition are proved, was required within thirty days from the date of the denial of the allegations, because J.G.B. was in detention at the time of the arraignment. Minn.R. Juv.Cts. 27.02, subd. 1(a). This rule does not allow any continuance for the commencement of a trial for a detained child, as contrasted to the provision for a child not in detention which allows a trial to be continued upon a showing of "good cause." Minn.R.Juv.Cts. 27.02, subd. 1(a) and (b). From the clear language of the rule, the three petitions for delinquency in this case should have been dismissed on October 8, 1988, because a trial was not commenced within thirty days as required. *See* Minn. R.Juv.Cts. 27.02, subd. 2 (if the trial has not commenced within the time set forth or a continuance has not been granted, the petition shall be dismissed).

While it is quite clear that rule 27.02 has been violated in J.G.B.'s case and that the three delinquency petitions should be dismissed, we must determine whether the petitions should be dismissed with prejudice. We are compelled to dismiss the delinquency petitions with prejudice based on the Minnesota Supreme Court's recent ruling in *McIntosh v. Davis*, 441 N.W.2d 115 (Minn.1989), and under the constitutional speedy trial analysis as set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) and adopted by the Minnesota Supreme Court in *State v. Friberg*, 435 N.W.2d 509 (Minn.1989).

While the Minnesota Supreme Court has not dealt with the juvenile court rules, the court has decided several cases concerning Minn.R.Crim.P. 6.06 and 11.10. Both of these rules allow delay for the commencement of the trial upon a showing of "good cause." In *McIntosh*, the supreme court ruled that mere court congestion is insufficient for a showing of "good cause." *McIntosh*, 441 N.W.2d at 120. While ruling that there was no showing of good cause for delay of the trial, the court did not reach the issue of whether the defendant's right to a speedy trial had been violated, and declined the request to overrule their recent *Friberg* opinion. *Id.* at 120.

In *Friberg*, the supreme court held that delays greater than the time provided in a rule are presumptively prejudicial and re-

quire further inquiry to determine whether there was good cause for the delay. *Friberg*, 435 N.W.2d at 512. The court then used the *Barker* factors to determine whether there was good cause for a delay greater than provided in the rule.

■ In determining whether the constitutional rights of a defendant are violated, the United States Supreme Court has said that states are free to prescribe a reasonable time period to commence a trial consistent with constitutional standards. *Barker*, 407 U.S. at 523, 92 S.Ct. at 2188. The court adopted a balancing test in which the conduct of both the prosecution and the defendant are weighed. The four factors to be considered by the court are 1) length of delay; 2) reason for the delay; 3) individual's assertion of the right; and 4) prejudice to the accused. *Id.* at 530–32, 92 S.Ct. at 2191–2192.

■ In applying the *Barker* factors, the Minnesota Supreme Court in *Friberg* held that if the sixty-day rule is violated, then the delay is presumptively prejudicial and the first *Barker* factor is met. *Friberg*, 435 N.W.2d at 513. Because there is no provision for a greater delay due to "good cause" in the juvenile court rule, we could find that under *Friberg*, because the rule is clearly violated in this case, that J.G.B.'s constitutional right to a speedy trial has been violated without discussing the remaining *Barker* factors. *See State v. Kasper*, 411 N.W.2d 182, 185 (Minn.1987) (where there was no showing of good cause for a delay past the prescribed time period, violation of the rule violated the defendant's right to a speedy trial, and required a dismissal of the charge with prejudice).

While we conclude on the first factor that J.G.B.'s constitutional right to a speedy trial has been violated and the delinquency petition must be dismissed with prejudice, we will consider the three remaining *Barker* factors.

The second factor under *Barker* which we need to consider is the reason for the delay. J.G.B. did not receive a trial as required under Minn.R.Juv.Cts. 27.02, because the state brought a petition for reference on September 13, 1988, six days after the denial of the petition had occurred at the arraignment. The state said that a petition for reference was not brought earlier, because three county attorneys had been working with the different petitions. However, we question whether this is a legitimate reason for the delay because all three petitions were filed between July 18 and August 22, 1988. The state could easily have filed a petition for reference prior to J.G.B.'s arraignment on September 7, 1988, and thus have avoided this situation where a reference hearing was held between the arraignment and the time that the trial was to commence.

Moreover, we question whether the reference petition could have been brought after the arraignment occurred on September 7, 1988. We believe that the juvenile court rules clearly contemplate bringing a petition for reference after a petition for delinquency has been filed pursuant to Minn.R.Juv.Cts. 19. Minn.R.Juv.Cts. 32.01 and Minn.Stat. § 260.125. However, the juvenile court rules also contemplate that the petition for reference be brought before the arraignment occurs. The juvenile court rules clearly provide that if the court retains jurisdiction following a reference hearing, then an arraignment (at which the child shall admit or deny the allegations of the petition pursuant to Minn.R.Juv.Cts. 20) must be held. Minn.R.Juv.Cts. 32.07, subd. 1.

In the present case, J.G.B. was arraigned on September 7, 1988 and denied the allegations in the petitions. Thus, a trial on the allegations of the petition, pursuant to Minn.R.Juv.Cts. 27.01 was required. *See* Minn.R.Juv.Cts. 21.02, subd. 2 (when a denial is entered, the court shall schedule further proceedings pursuant to Rule 25 or Rule 27). Rule 27 of the juvenile courts commands that a trial regarding the allegations of the petition be held; it does not contemplate a reference hearing at this time. Accordingly, this factor concerning

the reason for delay weighs against the prosecution because it easily could have been avoided.

The next factor under *Barker* which we must consider is the individual's assertion of the speedy trial right. Under the juvenile rules, unlike the rules for prosecution in adult court, no assertion of a speedy trial right is necessary. However, J.G.B. has asserted this right from the start of her proceedings and continuously throughout. Therefore, this factor weighs in favor of J.G.B.

The final factor is the prejudice to the accused. J.G.B. states that if she knew the state was going to bring a petition for reference, then she would have admitted the delinquency petitions at the arraignment so that she could have received treatment in the juvenile system. It is clear to us that it would have been in J.G.B.'s best interest to have immediately entered the new treatment facility for Native American youths in Brainerd, rather than continue to be detained in the Arrowhead Juvenile Center. Accordingly, J.G.B. has shown prejudice by the delay.

Based on the four factors, we believe that J.G.B.'s right to a speedy trial has been violated. Accordingly, the petitions for delinquency must be dismissed with prejudice. Because we dismiss the delinquency petitions with prejudice, we need not reach the other issues raised on appeal.

## DECISION

The petitions alleging delinquency by J.G.B. are dismissed with prejudice, because Minn.R.Juv.Cts. 27.02 and J.G.B.'s constitutional right to a speedy trial were violated.

Reversed.