**In the Matter of the**
**WELFARE OF J.J.H.**

**No. CX–89–647.**

Court of Appeals of Minnesota.

Oct. 17, 1989.

Review Denied Dec. 8, 1989.

Brian D. Hulstrand, Hulstrand, Anderson & Larson, Willmar, for appellant.

Harold Lucking, Swift County Atty., Benson, for respondent.

Heard, considered and decided by KALITOWSKI, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant contends a trial court order referring his case for adult court prosecution was untimely and unsupported by the evidence. We affirm.

## FACTS

The delinquency petition of a Willmar police officer alleges that on September 27, 1988, appellant caused the death of another person by operating a vehicle in a grossly negligent manner, or negligently operating a vehicle while under the influence of alcohol or with at least a .10 alcohol concentration. Minn.Stat. § 609.21, subd. 1 (1988). The petition was filed in December 1988, about one month after appellant turned age 18.

In March 1989, the trial court granted the prosecutor's motion to refer the case for adult prosecution. The order was issued 66 days after the reference hearing and 38 days after counsel filed memoranda on the question.

The court determined it was duly proven that public safety was not served without reference. Trial court findings reflect evidence on the alleged offense, together with appellant's record of four prior traffic offenses, two illegal consumption offenses, two misdemeanors, and a recent gross misdemeanor burglary; a second burglary accusation was pending. Noting a psychologist's opinion that appellant could be treated as a juvenile, the court found the expert's statements qualified by testimony that his opinions were formulated before knowing appellant had more than a single prior traffic conviction and had a pending burglary charge.

## ISSUES

1. Does trial court noncompliance with the compulsory rule on timeliness of reference orders compel reversal?

2. Does the record support trial court findings for reference?

## ANALYSIS

1. Compulsory rule.

The trial court "shall enter an order" within 15 days after conclusion of a reference hearing. Minn.R.Juv.Cts. 32.06, subd. 1. The rule permits delay for good cause, but only "for an additional fifteen (15) days." *Id.* Appellant argues that because the 1983 juvenile court rules were promulgated by the supreme court they have the full force of law and may not be modified at the discretion of individual judges. In addition, appellant asserts the rules must be protected by appellate courts "or they will have no effectiveness" to ensure protection of due process rights. Thus, appellant contends, noncompliance with Rule 32.-06, subd. 1, "should now clearly be automatic grounds for reversal" of the reference order.

The reference order time limit, unconditional on its face, is one of numerous similar rules governing the speed for adjudicating a delinquency accusation.[1] Each of

---

**1.** *See also* Minn.R.Juv.Cts. 20.02, subd. 1, subd. 2 (time for arraignment); 21.03, subd. 5 (time

these rules is in compulsory form, stating a speed that "shall" occur. Six state no sanction for compliance. Two state a sanction of dismissal but do not state whether the dismissal is with prejudice.[2] These rules conflict sharply with others that expressly permit the unlimited extension of a time limit for good cause. Minn.R.Juv.Cts. 27.02, subd. 1(b) (for child not in detention, trial within 60 days of arraignment "unless good cause is shown" for further delay). *Cf.* Minn.R.Crim.P. 6.06, 11.10 (similar rules for adult misdemeanor and felony cases). *See State v. Friberg,* 435 N.W.2d 509, 513 (Minn.1989) (60 day misdemeanor rule not mandatory procedural right "because it explicitly allows" longer delays for good cause); *McIntosh v. Davis,* 441 N.W.2d 115, 119 (Minn.1989) (because 60 day felony rule permits good cause delay, compliance not a "clear official duty"); *In re Welfare of J.D.P.,* 410 N.W.2d 1, 4 (Minn.Ct.App.1987) (upon noncompliance with 60 day delinquency rule, Minn.R.Juv. Cts. 27.02, subd. 1(b), dismissal with prejudice expressly premised on separate determination of unconstitutional speedy trial denial), *pet. for rev. dismissed* (Minn. Nov. 18, 1987).

Two months ago, this court examined Minn.R.P.Juv.Ct. 27.02, subd. 1(a), which sets an unconditional 30 day limit on delay between arraignment and trial for a child in detention. *In re Welfare of J.G.B.,* 443 N.W.2d 867 (Minn.Ct.App.1989). We concluded that noncompliance with the rule required dismissal with prejudice, but this was determined in tandem with a holding that the child's constitutional speedy trial right was violated according to the traditional standards of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *J.G.B.* at 871. Also, we note that *J.G.B.* dealt with a rule providing a sanction of dismissal, although the rule does not state whether the dismissal is one with prejudice.[3]

▪ Absent legislative authority, or the supreme court's guidance on implementation of seemingly compulsory, unconditional time rules, we find no basis for adopting appellant's proposition of law that an order issued after noncompliance with such a rule must be automatically and finally reversed. We note that the record here does not compel a finding and appellant does not claim that he is entitled to reversal of the reference order on constitutional grounds.

▪ Appellant also contends the court erred by conducting the reference hearing on the thirty-first day after the reference motion was first filed. Minn.Stat. § 260.125, subd. 2(c) (1988) (hearing within 30 days a condition of lawful reference, but delay permitted for good cause shown); Minn.R.Juv.Cts. 32.01 (good cause delay for no more than 60 days). The trial court did not clearly err in finding that good cause for the delay had been shown. The hearing was originally scheduled on the thirtieth day after filing and postponed one day to permit the appearance of the agent assigned to complete a reference study.

---

for judicial response to admission of delinquency); 27.02, subd. 1 (delay permitted between arraignment and trial); 27.02, subd. 3 (delay permitted between mistrial and retrial); 27.06 (time for judicial findings after trial); 32.01 (delay permitted before reference hearing); and 33.02, subd. 4 (delay permitted before competency hearing). Additional time mandates speed the occurrence of a final dispositional decision. Minn.R.Juv.Cts. 30.02(a), (b) (delay between adjudication and disposition); 30.07, subd. 2 (speedy hearing on review of disposition).

**2.** Minn.R.Juv.Cts. 27.02, subd. 2; 33.02, subd. 4. *Cf.,* Minn.R.Juv.Cts. 19.04, subd. 4 (dismissal for delay in showing probable cause, expressly without prejudice). Ironically, dismissal without prejudice creates delay as a remedy for delay; this is true also for the sanction of continuance expressed or implied for noncompliance with other time rules. Minn.R.Juv.Cts. 24.03, subd. 7 (discovery delays, including those of prosecuting authority); 30.03, subd. 4 (late filing of pre-disposition report).

**3.** *See supra* note 2. *See also Friberg,* 435 N.W.2d at 513, noting, while holding that noncompliance with the misdemeanor trial rule does not require final dismissal, that in addition to a provision in the rule permitting indefinite delay for good cause, the rule omits a stated consequence for noncompliance; *McIntosh,* 441 N.W.2d at 119 (same observation); *State v. Parker,* 412 N.W.2d 419 (Minn.Ct.App.1987), *rev'd on other grounds,* 417 N.W.2d 643 (Minn.1988); Comment, Minn.R.Crim.P. 11.10.

Appellant made no objection in the period between the hearing and notice of the delay. Also, contrary to appellant's contentions, where a timely hearing is ordered postponed, the law does not require that motion proceedings and a written finding of good cause precede occurrence of the delay. *Cf. In re Welfare of C.A.N.*, 370 N.W.2d 438 (Minn.Ct.App.1985) (dismissal appropriate where complete inaction on scheduling within 30 days after filing).

### 2. Sufficiency of evidence.

 According to the trial court, the prosecuting authority successfully produced clear and convincing evidence that reference is required for public safety reasons. Minn.Stat. § 260.125, subd. 2(d)(2) (reference depends on this evidence or proof the child is not suitable for treatment as a juvenile); Minn.R.Juv.Cts. 32.05, subd. 2 (repeating standard). The court based its conclusion on six of the eleven considerations itemized in Rule 32.05, subd. 2.[4] Court findings indicated an accusation of dangerous driving by the juvenile while under the influence, together with a record of prior traffic and drinking offenses and four property offenses over five years. These findings permit the decision to refer for public safety. The findings are supported by evidence of record and are not clearly erroneous. *In re Welfare of I.Q.S.*, 309 Minn. 78, 87, 244 N.W.2d 30, 38 (1976) (findings to be undisturbed unless clearly erroneous).

Appellant contends that court-ordered supervision, even with longer duration through an adult conviction, will be superfluous in light of criminal sanctions for driving before license privileges are restored. The record permits an expectation that supervision can be a constructive part of a corrections plan for appellant. Appellant contends his circumstances include no prior pattern of violence, but the record permits grave concern for the danger inherent in prior conduct of appellant.

Finally, appellant challenges a trial court finding that statements of an expert witness were qualified because he did not know the seriousness of appellant's traffic and delinquency record. As appellant contends, the expert ratified his opinions after learning of his record; nonetheless, it was not error for the court to consider that the opinions were first formulated on an incomplete picture of the facts. In addition, this witness testified singularly on prospects for alcohol abuse treatment, and he did not dispute the probable value for extended court supervision of appellant's conduct.

### DECISION

The record is sufficient to permit the trial court's reference decision, and it cannot be automatically reversed based on the trial court's noncompliance with the rule on time permitted for issuance of a reference order.

Affirmed.

---

**4.** These include (1) seven factors on the nature of the current accusation, (2) availability of appropriate facilities, (3) sophistication and maturity of child, (4) child's offense record, and (5) time available for appropriate response under juvenile court act.