**In the Matter of the
WELFARE OF J.D.K.**

No. C1–89–1198.

Court of Appeals of Minnesota.

Dec. 19, 1989.

Thomas D. Hayes, Smith & Hayes, Monticello, Minn., for appellant J.D.K.

Thomas McNinch, Asst. Sherburne County Atty., Elk River, Minn., for respondent.

Considered and decided by KLAPHAKE, P.J., and PARKER and FOLEY, JJ., without oral argument.

## OPINION

PARKER, Judge.

J.D.K., adjudicated delinquent on October 4, 1988, did not have a dispositional hearing until March 27, 1989. He appeals the denial of his motion to dismiss because of the trial court's failure to comply with the 45-day limit on the period between adjudication and disposition. We affirm.

## FACTS

J.D.K. was charged with second-degree criminal sexual conduct by a delinquency petition filed in Wright County on June 15, 1988. Although he lived in Sherburne County, the matter was heard in Wright County and J.D.K. was adjudicated delinquent on October 4, 1988. The trial court ordered a predispositional investigation.

The matter was transferred to Sherburne County and a dispositional hearing was scheduled for October 27, 1988. A Sherburne County probation officer testified that his agency became aware of the hearing only three days before the scheduled date. Sherburne County court services rescheduled the hearing for November 21, 1988, and contacted J.D.K.'s mother to ask her to schedule an appointment for a psychological evaluation of J.D.K.

Upon discovering on November 10 that no appointment had been made for J.D.K., the probation officer requested a court order requiring the evaluation. Four days later J.D.K.'s mother informed court services that an appointment had been made for December 5, 1988. The psychologist did not complete and forward his report to the court until February 7, 1989, and a dispositional hearing was not held until February 27, 1989, 146 days after J.D.K. was adjudicated delinquent.

The trial court denied J.D.K.'s motion to dismiss, concluding that the rule's requirement that a dispositional hearing be held within 45 days of adjudication is directory, not mandatory. The trial court placed J.D.K. on indefinite probation and ordered him to complete a treatment program for sexual offenders. J.D.K. appeals the trial court's denial of the motion to dismiss.

## ISSUE

Does Minn.R.Juv.Cts. 30.02 mandate dismissal of a delinquency petition when the trial court fails to make a disposition of the matter within 45 days of the adjudication?

## DISCUSSION

Minn.R.Juv.Cts. 30.02 states:

The court shall make a disposition of the matter: (a) within forty-five (45) days from the adjudication of the delinquency of a child not held in detention.

J.D.K. argues that use of the word "shall" makes the 45-day limit a mandatory one. Minn.Stat. § 645.44, subd. 16 (1988). Because far more than 45 days passed between the adjudication and the dispositional hearing, J.D.K. asserts that the matter should be dismissed.

■ Rule 30.02 does not specify a sanction of dismissal for noncompliance with the 45-day limit, while other rules explicitly do so. *See* Minn.R.Juv.Cts. 27.02, subd. 2; 33.02, subd. 4; 59.02, subd. 2. We conclude that no intention has been shown to provide a sanction of dismissal for the trial court's failure to comply with Rule 30.02. *In re Welfare of J.J.H.*, 446 N.W.2d 680 (Minn.Ct.App.1989).

■ This conclusion does not end our concern. This court is worried by the apparent systemic delay that occurred between adjudication and disposition of J.D. K.'s case. We do not believe that the Juvenile Court Rules require transfer of cases between counties for adjudication and disposition when such transfers consume so much time and do not seem to have been accompanied by a serious effort to comply with the timing rules. The delay here was contrary to the rule's clear directive of speedy dispositions in juvenile cases; great effort should be made to comply, to the end that the child see the juvenile court system dispensing *swift* and appropriate justice.

## DECISION

The trial court did not err in denying the juvenile offender's motion to dismiss because of noncompliance with the time limitation in Minn.R.Juv.Cts. 30.02.

Affirmed.