## In the Matter of the WELFARE OF C.T.T., Child.

### No. C3–90–1239.

Court of Appeals of Minnesota.

Jan. 15, 1991.

Review Denied March 15, 1991.

Gregory G. Colby, Schoen & Colby, Northfield, for appellant.

Jeffrey D. Thompson, Rice County Atty., Kevin Shea, Asst. County Atty., Faribault, for respondent.

Considered and decided by KLAPHAKE, P.J., and HUSPENI, and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant asks that a juvenile delinquency proceeding be dismissed because the disposition was made long after the time permitted under Minn.R.Juv.Cts. 30.02(a). The rule provides that the court "shall" make a disposition of the matter within forty-five (45) days from the adjudication of delinquency for a child not held in detention.[1] Alternatively, C.T.T. believes the trial court abused its discretion in refusing to permit him to go directly into an outpatient treatment program.

## FACTS

C.T.T. was adjudicated delinquent on September 27, 1989, seven months after his 17th birthday.[2]

Disposition was first scheduled for March 29, 1990, nearly five months (136 days) after the deadline provided by the juvenile rule. Actual disposition occurred on April 27, 1990, five and one-half months after the deadline.[3]

In October and November 1989, the trial court had available a full panoply of disposition alternatives, including inpatient sex offender treatment. By March 1990, none of the facilities offering such treatment was willing to accept C.T.T., because he was then over 18 years old and subject to the court's jurisdiction for less than a year. See Minn.Stat. § 260.181, subd. 4 (1988). "In light of [C.T.T.'s] age," and the stance taken by other treatment programs "because of his age," appellant was committed to the Commissioner of Corrections and placed in a state training school.

## ISSUE

Is a juvenile entitled to dismissal of a delinquency petition or imposition of an alternative sanction where disposition occurs long after the 45–day limit established by Minn.R.Juv.Cts. 30.02(a)?

## ANALYSIS

"Justice delayed is justice denied."[4] Appellant makes that point convincingly in these proceedings. Had disposition been made within 45 days after adjudication, the

---

1. The parties were confused by the additional clause in the rule which permits a disposition within 180 days "from the findings that the allegations of the petition have been proved." The 180–day rule, however, does not apply where delinquency was adjudicated, but only in connection with the court's decision to withhold a finding of delinquency after the allegations have been proven, a dispositional alternative pursuant to Minn.Stat. § 260.185, subd. 3 (Supp. 1989).

2. The adjudication was for the commission of criminal sexual conduct in the third degree for

sexually penetrating a 12½–year–old girl in July of 1986; criminal sexual conduct in the fourth degree for grabbing the breasts of a 14–year–old girl in July of 1987; and criminal sexual conduct in the third degree for having sexual intercourse with a 14–year–old girl in June of 1989.

3. The March 29, 1990 disposition hearing was continued to April 18 and finally to April 27, at C.T.T.'s request.

4. William E. Gladstone (1809–1898).

trial court would have had wide ranging dispositional alternatives. Treatment options preferred by C.T.T. were rendered unavailable because of the seven-month delay between adjudication and the juvenile court disposition.

Compelling interests of justice make the time limitation imposed by Rule 30.02 entirely defensible. The circumstances of children change quickly and it is important for their sake and others that disposition be made promptly. The problem addressed by the rule is especially acute because of legislation determining that the trial court's jurisdiction is terminated when the juvenile reaches age 19. *See* Minn.Stat. § 260.181, subd. 4.

There is no doubt appellant in these proceedings has been greatly prejudiced by delay which is seemingly prohibited by the duly promulgated juvenile court rule. In addition, we observe that noncompliance with the rule badly tarnishes the integrity of any judicial action in the proceedings. The parties' awareness that the delayed disposition contradicts the law undermines the confidence of the juvenile, his family and counsel in the juvenile justice system, and impairs the ultimate goal of the disposition, rehabilitation of the juvenile.

We plead for review of the unfortunate state of the existing law. Lest it be a hoax for some, the rule requires a sanction or an alternative means of insuring compliance. In the meantime, we suggest to the trial bench and prosecutors a determined effort to comply with the rule's clear directive for speedy disposition in juvenile cases.

■ Except for these pleas, we are not empowered to remedy the injustice caused by the delayed disposition in this case. This court has previously held that because Minn.R.Juv.Cts. 30.02 does not specify a sanction of dismissal for noncompliance with the 45–day limit, while other rules explicitly do so, that sanction is not available. *In re J.D.K.*, 449 N.W.2d 194, 196 (Minn.App.1989). As we noted in *In re J.J.H.*, 446 N.W.2d 680, 682 (Minn.App. 1989), *pet. for rev. denied* (Minn. Dec. 8, 1989) we are precluded from imposing a sanction of dismissal absent legislative authority or the supreme court's guidance on implementation of seemingly compulsory, unconditional time rules.

By contrast, in *In re J.G.B.*, 443 N.W.2d 867, 869–71 (Minn.App.1989), we held that noncompliance with the juvenile rule establishing a 30–day limit on delay between arraignment and trial for a child in detention required dismissal with prejudice where the rule provided a sanction of dismissal and the child's constitutional speedy trial right was violated. Here, C.T.T. does not claim he is entitled to dismissal of the petition on constitutional grounds. We must affirm the trial court's refusal to dismiss the petition.

■ Appellant also contends the trial court's disposition order committing him to the Commissioner of Corrections was an abuse of discretion. The trial court has broad discretion in determining a disposition, and this court will affirm so long as the determination is not arbitrary. *In re L.K.W.*, 372 N.W.2d 392, 397 (Minn.App. 1985).

■ In view of the trial court's options in April 1990, when disposition actually occurred, there is nothing in the record to indicate the trial court abused its discretion in determining to commit C.T.T. to the Commissioner of Corrections, rather than to allow him to participate in outpatient or inpatient treatment. In challenging the disposition, appellant repeats his concerns about the undue delay. The delay in the disposition hearing, however, does not legally alter the decision the trial court faced in April 1990. There was ample evidence in the record, including the nature and severity of the offenses, the impact on the victims, and expert testimony as to C.T.T.'s need for intensive treatment, to support the trial court's disposition.

## DECISION

Despite substantial noncompliance with the rule and remarkable prejudice to the juvenile, the sanction of dismissal of the petition is not authorized for the trial court's failure to make a disposition of the matter within the time period specified by

Minn.R.Juv.Cts. 30.02(a). The trial court did not err in refusing to dismiss the petition, and its disposition order was within its discretion.

Affirmed.