In the Matter of the WELFARE
OF T.P., J.P., and T.P.

No. C0–92–781.

Court of Appeals of Minnesota.

Nov. 17, 1992.

William R. Kennedy, Hennepin County
Public Defender, Warren R. Sagstuen,
Asst. Public Defender, Minneapolis, for appellants mother and father.

Michael O. Freeman, Hennepin County
Atty., Katy L. Stesniak, Asst. County
Atty., Minneapolis, for respondent Hennepin County Bureau of Social Services.

Douglas Hall, Legal Rights Center, Inc.,
Minneapolis, for respondent maternal
grandmother.

Charles W. Faulkner, Faulkner & Faulkner, Minneapolis, for respondent child T.P.

Heidi S. Schellhas, Rode, Lucas & Schellhas, Minneapolis, for respondent Guardian
Ad Litem.

Hubert H. Humphrey, III, Atty. Gen., St.
Paul, for respondent Minnesota Dept. of
Human Services.

Considered and decided by DAVIES, P.J.,
and PARKER and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Appellants mother and father seek review of the trial court's dispositional order
transferring legal custody of their children
to Hennepin County and directing continuation of the placement of the children in the
home of respondent maternal grandmother
in Minneapolis. The parents contend the
trial court erred by refusing to transfer

dispositional jurisdiction to their home state of Texas. We affirm.

## FACTS

R.P. is the mother of two sons, T.P., born August 5, 1978, and J.P., born November 11, 1981, and a daughter, T.P., born April 24, 1980. L.C. is the father of J.P. and female T.P. The parents and children lived together in Texas for the majority of the period 1981 through 1989, although there were times when the father did not live with the family. In July of 1989, the children left Texas to stay with their maternal grandmother in Minneapolis. The children later refused to return to Texas, indicating they had been abused by the father.

A dependency and neglect petition was filed in Hennepin County in August 1989. The trial court assumed jurisdiction after the Texas court issued an order declining jurisdiction on the basis that Minnesota was the more convenient forum. The parents denied the abuse allegations at the December 1991 trial. By order on January 21, 1992, the trial court adjudicated the children to be in need of protection and services within the meaning of Minn.Stat. § 260.015, subd. 2a(2) (1990). The trial court found the father had sexually abused female T.P. and had physically abused all three children. The parents did not appeal this order.

At the March 12, 1992 dispositional hearing, the parents repeated their denials that any abuse had occurred. In its March 24, 1992 dispositional order, the trial court directed that the legal custody of the children be transferred to respondent Hennepin County Bureau of Social Services for continued physical placement in the maternal grandmother's home. The trial court directed the father to comply with his case plan, which included completion of a comprehensive psychological evaluation, a treatment program for perpetrators of sexual abuse, and a parent education program. The father was ordered to have no contact with the children until all professionals agreed that contact would not compromise the children's welfare.

The trial court directed the mother to comply with her case plan, which included completion of a psychological evaluation and a parent education program, and acknowledgement to her treating professionals that the children were abused and that she would be able to respond to their needs. If the father did not comply with his case plan, the mother was ordered to exclude him from her home before the children were returned to her custody. The trial court directed that the mother could have visitation with the children under the supervision of Hennepin County.

## ISSUE

Did the trial court abuse its discretion in refusing to transfer jurisdiction over the disposition of the children to Texas?

## ANALYSIS

■ A trial court has broad discretion in determining the disposition resulting from an adjudication that a child is in need of protection or services. *In re T.J.M.*, 413 N.W.2d 221, 225 (Minn.App.1987) (citing *In re L.K.W.*, 372 N.W.2d 392, 397 (Minn.App. 1985)). Trial court dispositional findings of fact will be accepted unless clearly erroneous. *Id.*

The trial court's dispositional choices include transferring legal custody to a child placing agency or the county welfare board. Minn.Stat. § 260.191, subd. 1(a)(2) (1990). If the court finds that the child is a victim of domestic child abuse, it may order other dispositions, including the establishment of temporary visitation and an order requiring the abusing party to participate in treatment or counseling services. *Id.* at subd. 1(b)(3)(6). The dispositional order must contain written findings of fact to support the disposition. *Id.* at subd. 1a.

■ In this case, the parents do not dispute the trial court's findings that placement of the children in an out-of-home setting is in their best interests and that the parents have not corrected the conditions which led to the placement of the children. The parents do not challenge the trial court's findings that the maternal grandmother is a fit custodian and that the chil-

dren wish to remain with her. The parents argue, however, that because they cannot afford the expense of frequent trips to Minnesota, they will be unable to visit the children and the goal of family reunification will be defeated.

■ The distance of a placement from the child's parents is a consideration of great importance, but a great distance between the child and parents does not make the trial court's placement choice arbitrary as a matter of law. *T.J.M.*, 413 N.W.2d at 226. In this case, the distance between the parents and the children will affect only the mother's ability to exercise visitation because the father has been directed to have no contact with the children. The parents do not challenge the restrictions placed on visitation in the dispositional order.

Immediate return of the children to Texas would require their placement in foster care. Under the circumstances, the trial court did not abuse its discretion in concluding that the children's best interests are served by maintaining their present placement until the parents have complied substantially with their case plans.

The trial court's decision to continue placement of the children with their maternal grandmother is consistent with the statutory and common law preference to award custody of a child to a relative if either or both of the natural parents are unable to perform that responsibility. *See* Minn.Stat. § 260.181, subd. 3 (1990) (in the absence of good cause to the contrary, a court shall place the child in the guardianship of the child's relatives); *In re M.M.*, 452 N.W.2d 236, 238 (Minn.1990) (recognizing custodial preference to near relatives under the common law). The *M.M.* court also observed that a child's relationship with the person who has been his primary caretaker should not be disrupted without strong reasons. *Id.* at 240 (citing *Maxfield v. Maxfield*, 452 N.W.2d 219 (Minn.1990)). In this case, the trial court did not err in refusing to disrupt the children's relationship with their maternal grandmother, who has been their primary caretaker for the past three years.

The parents do not cite any authority for the contention that simply because this case involves a Texas family, dispositional authority should be reserved to Texas. The parents do not dispute that Minnesota properly assumed jurisdiction when Texas declined jurisdiction and deferred to this state as the more convenient forum. *See* Minn.Stat. § 518A.03, subd. 1(b)(1) (1990) (authorizing exercise of jurisdiction when child and parents have significant connection with state). The trial court properly found that Minnesota should continue to exercise jurisdiction, considering that the children have lived here for three years and now have significant connections to this state. *See In re Marriage of Schmidt*, 436 N.W.2d 99, 104 (Minn.1989) (defining significant connections as whether state's courts have readily available substantial evidence relative to the child's care, protection, training, family relationships and familial support).

Finally, the trial court specified it would reconsider the motion to transfer jurisdiction to Texas if the parents complied sufficiently with their case plans so that the children could be returned to them. The parents have the power to mitigate claimed harms from the disposition by promptly completing their case plans. We find no abuse of discretion.

## DECISION

The trial court properly denied transfer of dispositional jurisdiction to Texas. The trial court did not abuse its discretion in continuing the children's placement with their maternal grandmother.

Affirmed.