**In the Matter of the WELFARE OF G.A.S., Minor Child.**

**No. C5–98–157.**

Court of Appeals of Minnesota.

Sept. 1, 1998.

Allen P. Eskens, Mankato, for appellant.

Donald R. Klosterbuer, Rock County Attorney, Terry S. Vajgrt, Assistant County Attorney, Luverne, for respondent.

Benjamin Vander Kooi, Jr., Luverne, for child.

Considered and decided by WILLIS, P.J., HUSPENI, and FORSBERG, JJ.

## OPINION

THOMAS G. FORSBERG, Judge.*

Appellant-mother Eve Schuld belongs to a religious denomination that holds homosexuality to be a sin and appeals the juvenile court's order placing her son in a foster home where the foster caregivers are homosexuals. She claims the placement violates Minn.Stat. § 260.181, subd. 3(d) (Supp.1997), which requires courts to place children in foster homes with a religious background the same as, or similar to, that of the parent, if the parent so requests. Because this record shows that mother was not concerned about the religious background of those running the foster home in which her child was placed, that she understood the available placement options, and that the placement was the best placement possible under the circumstances, we affirm.

## FACTS

Mother's son was born in 1982, adjudicated CHIPS in 1991 and, with limited exceptions, has been in out-of-home placements since that time. In 1995, as a result of his conduct while in an out-of-home placement, son was adjudicated delinquent on charges of criminal sexual conduct and assault. Son has an IQ of 90, "struggles significantly in the area of verbal and written skills," and has been diagnosed with mixed bipolar, obsessive/compulsive, and paraphilia disorders. He also engages in self-injurious behaviors, generally refuses to comply with treatment requirements, and has a parent-child relationship problem. Son is oppositional and defiant and has been discontinued from, or refused by, several institutional placements.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. Art. VI, § 10.

In August 1997, son was moved from an out-of-home placement to an intensive treatment foster home. This placement was made in light of son's probation. One of the persons involved in the placement decision was son's probation officer. Two homosexual men run the foster home. Mother is a member of the Assemblies of God Church. The church holds that homosexual conduct is a sin, people should not associate with those who are sinning, and parents have a duty to raise their children in their religious faith. Mother objected to son's placement, claiming it violated Minn.Stat. § 260.181, subd. 3(d) (Supp.1997), under which, at the request of a child's birth parent, the juvenile court "shall" place children in foster homes with the same or a similar religious background as that of the child's birth parent(s). After a hearing, the juvenile court rejected mother's claims. Mother appeals.

## ISSUES

Does son's placement violate Minn.Stat. § 260.181, subd. 3(d) (Supp.1997)?

## ANALYSIS

■ Mother claims the placement of son with homosexual custodians violates Minn. Stat. § 260.181, subd. 3(d) (Supp.1997). That provision states:

> If the child's birth parent or parents express a preference for placing the child in a foster or adoptive home of the same or a similar religious background to that of the birth parent or parents, the court *shall* order placement of the child with an individual who meets the birth parent's religious preference.

Minn.Stat. § 260.181, subd. 3(d) (emphasis added); *see* Minn.Stat. § 645.44, subd. 16 (1996) (" '[s]hall' is mandatory").[1] A juvenile court's child-placement disposition will not be altered absent an abuse of its wide discretion. *In re Welfare of T.P.*, 492 N.W.2d 267, 268 (Minn.App.1992) (CHIPS adjudication); *In re Welfare of C.T.T.*, 464 N.W.2d 751, 753 (Minn.App.1991) (delinquency adjudication), *review denied* (Minn. Mar. 15, 1991).

Mother is a member of the Assemblies of God Church and that church believes homosexual conduct is a sin. In rejecting mother's alleged religion-based challenge to the placement, the juvenile court stated:

> The entire argument becomes moot, however, because [mother] testified that she would not disagree with her son being placed with foster parents who do not practice or foster the practice of the Assemblies of God and would allow [son] to be placed in a foster home where the foster parents practice a religion other than her own. [Mother] is not concerned with [the custodian's] religious preference, but only with their affectional preference.

The record supports this aspect of the juvenile court's analysis. Mother testified both that she would not object to her son being in a placement that did not encourage son's participation in the Assemblies of God religion and that "the sticking point" with son's placement was the homosexual relationship of son's foster custodians.

Also, here, because of son's numerous special needs and his history of committing sexual abuse, the difficulty in finding any type of placement for son is extreme. The placement problem, however, is further aggravated because mother, the experts, and the lay witnesses all agree a foster home, rather than a residential placement, was required for son because son needs more structure and supervision than is available in a residential placement.

■ When making the placement decision, in addition to considering placements in Minnesota, placements in Indiana, Nebraska, and West Virginia were considered. The possible out-of-state placements either refused to take son because of his special needs and history of committing sexual abuse or were unable to provide son with the services he requires. In Minnesota, the foster placement agency consulted by the county indicated there was only one available placement for a child with needs as extensive as son's needs. In addressing the propriety of put-

---

1. Mother and the county make arguments based on the 1996 statute. The statute, however, was amended, effective May 7, 1997. 1997 Minn. Laws ch. 86, §§ 12, 14. Because the juvenile court issued its order in December 1997, we address the 1997 statute.

ting son in that foster placement, the experts agreed the placement was in son's best interests. *See* Minn.Stat. § 260.011, subd. 2(a) (1996) (paramount consideration in child protection proceedings is best interests of child). The child protection specialist also testified that, while she was aware of mother's religious background and what mother stated to be her custodial preference, that preference could not be realized here because of the limited number of foster homes willing to take children who have a history of committing sexual abuse and who need the extent of services son needs, as well as the limited number of foster homes that have care givers with the training to handle a child with needs like son's needs. To the extent mother claims the county did not contact more than one placement agency in making its decision, we note one of the foster care providers testified to a familiarity with possible alternative placement agencies and indicated the vast majority of them would not take son or would not be able to provide son the services he needs. Also, mother's exhibit listing alternatives shows many were residential placements or for adults, or both. This record shows familiarity with relevant placement options and shows that the juvenile court made the best placement possible under these awkward circumstances. We therefore conclude that this juvenile court's placement of this child with these homosexual custodians was not an abuse of the juvenile court's broad discretion.

Because of our ruling, we need not address other arguments for affirmance made by son and the county. Also, while mother argues son's placement violates her right to free exercise of religion under the state and federal constitutions, because these issues were not addressed by the juvenile court, we do not address them. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (appellate court addresses only claims presented to *and decided by* district court); *see In re Welfare of D.D.G.*, 558 N.W.2d 481, 485 (Minn.1997) (noting gravity of termination proceedings insufficient reason to abridge established rules of appellate argument).

## DECISION

Because mother admitted religion was not the basis for her objection to the foster placement of her son and, where given the extreme difficulty in placing the son, the county made the best placement possible under the circumstances, the juvenile court did not abuse its wide discretion in rejecting mother's religion-based challenge to the placement.

**Affirmed.**