*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2048**

In the Matter of the Welfare of: K. M. W.

**Filed May 11, 2015
Affirmed
Kirk, Judge**

Hennepin County District Court
File No. 27-JV-14-5973

Mary F. Moriarty, Hennepin County Chief Public Defender, Peter W. Gorman, Assistant Public Defender, Minneapolis, Minnesota (for appellant K.M.W.)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent state)

        Considered and decided by Connolly, Presiding Judge; Kirk, Judge; and

Stoneburner, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KIRK**, Judge

Appellant, a juvenile, argues that the district court erred by denying his motion to dismiss the motion for adult certification because it was untimely. We affirm.

## FACTS

On July 2, 2014, respondent State of Minnesota filed a delinquency petition charging appellant K.M.W. with one count of first-degree criminal sexual conduct. The petition alleged that appellant, who was 16 years old at the time, engaged in sexual penetration with a 15-year-old girl. Appellant was taken into custody based on the petition. The state dismissed the petition on September 11.

On September 12, the state filed a second petition against appellant containing the same language as the July 2 petition, again charging him with one count of first-degree criminal sexual conduct. On the same day, the state moved for adult certification.

At a detention hearing a few days later, appellant's counsel moved to dismiss the adult-certification motion, arguing that appellant should be released on electronic home monitoring because he had been detained since June 30. The district court scheduled a hearing to address appellant's motion.

At a hearing on September 18, appellant's counsel requested that the district court dismiss the adult-certification motion, arguing that the state violated Minn. R. Juv. Delinq. P. 18.02, subd. 1, which provides that a certification motion "may be made at the first appearance of the child . . . or within ten (10) days of the first appearance or before jeopardy attaches . . . ." Appellant's counsel argued that the state violated the spirit of

rule 18.02 when it dismissed the original delinquency petition and then immediately filed a delinquency petition with the same language, but included a motion for adult certification. Appellant's counsel argued that the state could have filed an adult-certification motion within 10 days of filing the petition, but it chose not to do so. He argued that the state had engaged in "legal shenanigans" by dismissing the first petition and then filing an identical petition and a certification motion the next day. Appellant's counsel pointed out that appellant had been in custody for a total of 78 days.

The prosecutor responded that the spirit of the rule had not been violated because the state had not acted with bad intent. She explained that the original prosecutor who had been assigned to the case mistakenly failed to file a motion for adult certification at the time she filed the first petition, as required by office policy. When the current prosecutor realized that a motion for adult certification had not been filed, she dismissed the case and refiled it. The prosecutor stated: "[It was] communicated to the defense attorney at the time that that should have happened and made [an] offer to continue in a straight juvenile matter and to resolve the case, was not able to do that, and so the [s]tate proceeded in the manner that it has." The prosecutor admitted that the purpose of dismissing the first petition was to refile the petition with an adult-certification motion. But she asserted that the state could be ready for trial on the originally scheduled date; therefore, appellant had not suffered a prejudicial delay in the proceedings. The prosecutor also pointed out that the Minnesota Rules of Juvenile Delinquency Procedure do not prohibit the state from dismissing a petition and then later refiling it.

The district court denied appellant's motion to dismiss, concluding that the state has wide discretion to dismiss and refile the same charges and to commence a criminal proceeding after the initial proceeding is dismissed. Because the district court concluded that the adult-certification motion was filed within 10 days of the filing of the second petition, the district court found that the motion was timely.

In October, the district court held an adult-certification hearing. Following the hearing, the district court granted the state's motion and certified the proceedings for adult court because it concluded that appellant failed to rebut the presumption of certification by clear and convincing evidence. This appeal follows.

## D E C I S I O N

Appellant argues that the district court erred by denying his motion to dismiss because the adult-certification motion was untimely under Minn. R. Juv. Delinq. P. 18.02, subd. 1. The construction of a juvenile rule presents a question of law, which this court reviews de novo. *In re Welfare of J.D.O.*, 504 N.W.2d 281, 283 (Minn. App. 1993), *review denied* (Minn. Sept. 30, 1993). There are no relevant published Minnesota appellate cases that deliberate the timeliness of an adult-certification motion filed under rule 18.02, subd. 1.[1]

Appellant essentially argues that the prosecutor's dismissal of the first delinquency petition and then immediate filing of the exact same petition with an adult-certification motion was unfair to him. He contends that the prosecutor's dismissal and refiling of the

---

[1] In their briefs, the parties discuss several unpublished opinions by this court. But we do not address them in this opinion because unpublished cases from this court are not precedential. *See* Minn. Stat. § 480A.08, subd. 3 (2014).

juvenile petition in order to correct the oversight in filing the adult-certification motion contravenes the law. In support of his argument, appellant cites 12 Robert Scott & John O. Sonsteng, *Minnesota Practice* rule 18.02 cmt. (4th ed. 2013). In particular, appellant cites the following section of that treatise:

> The purpose of the short time requirement to file a motion to certify is to avoid disruption of the determination of the charges on their merits after parties have begun preparation for an evidentiary hearing or trial and to remove from the prosecutor the threat of the motion to force a plea. However, certain problems can result for even the well intentioned prosecutor. After the time period to file the motion has lapsed, additional background material may surface about the juvenile or new facts about the case may become known. For example, the juvenile may have lived in several states and had a juvenile record in some or all of those states. This information may not be readily known. Also, new facts about the child's involvement in the offense may become known or the condition of the victim in an assault case may deteriorate. In such cases, the prosecutor could dismiss the petition and refile with a motion to certify.

Scott & Sonsteng, *supra*, at rule 18.02 cmt. Because this section does not list prosecutor error as a circumstance where a prosecutor can dismiss and refile a delinquency petition, appellant argues that the authors did not contemplate it as a circumstance where a prosecutor could do so.

We are sympathetic to appellant's concern that the prosecutor evaded the statutory 10-day filing requirement by dismissing the delinquency petition and then refiling the exact same petition with the addition of a motion for adult certification. We also agree with the approach described by Scott and Sonsteng in *Minnesota Practice*. *See id.* But appellant has not identified any rule or caselaw that prohibits a prosecutor from

5

proceeding in the way that she did in this case. In reaching its decision, the district court relied on the prosecution's broad discretion to decide when and against whom to bring charges. The district court's reliance on broad prosecutorial discretion is supported by caselaw. The Minnesota Supreme Court has reaffirmed numerous times that "[a]s a general rule, the prosecutor's decision whom to prosecute and what charge to file is a discretionary matter which is not subject to judicial review absent proof by defendant of deliberate discrimination based on some unjustifiable standard such as race, sex, or religion." *State v. Herme*, 298 N.W.2d 454, 455 (Minn. 1980); *see State v. Streiff*, 673 N.W.2d 831, 837 (Minn. 2004); *State v. Foss*, 556 N.W.2d 540, 540 (Minn. 1996); *In re Welfare of K.A.A.*, 410 N.W.2d 836, 841 (Minn. 1987).

There is no evidence in this case that the prosecutor discriminated against appellant based on race, sex, or religion. Instead, the prosecutor acknowledged that the first petition was dismissed and the second petition was filed to correct a mistake. Given the broad discretion that prosecutors have to bring charges and the lack of any caselaw prohibiting the prosecutor from dismissing the charges and bringing new charges, the district court did not err by concluding that the adult-certification motion was timely filed and denying appellant's motion to dismiss the adult-certification motion.

Appellant next argues that he was prejudiced by the 10-week delay caused by the prosecutor's dismissal of the first petition and filing of the second petition. In determining whether a defendant's right to a speedy trial was violated, courts consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether the individual asserted his or her right; and (4) the prejudice to the accused. *In re Welfare of*

6

*J.G.B.*, 443 N.W.2d 867, 870 (Minn. App. 1989) (citing *Barker v. Wingo*, 407 U.S. 514, 530-32, 92 S. Ct. 2182, 2191-92 (1972)).

Here, the first petition was filed on July 2, 2014, and appellant has been in custody since that time. There is nothing in the record to suggest that appellant demanded a speedy trial at any time after the first petition was filed, and appellant does not argue that he did so. Thus, the 30-day speedy trial requirement does not appear to have been triggered. *See* Minn. R. Juv. Delinq. P. 13.02, subd. 1 ("A trial shall be commenced within thirty (30) days from the date of a demand for a speedy trial unless good cause is shown why the trial should not be commenced within that time.").

Moreover, because the second petition was properly filed and jeopardy had not attached to the first petition, the delay must be measured from the date that the second petition was filed on September 12, 2014, and not the date when the first petition was filed on July 2, 2014. *See Breed v. Jones*, 421 U.S. 519, 531, 95 S. Ct. 1779, 1787 (1975) (stating that jeopardy attaches in a juvenile matter when the court begins to hear evidence). Appellant never requested a speedy trial on the second petition, and shortly after the state filed the second petition, the prosecutor specifically told the district court that she would be ready to proceed on the trial date that was set during the proceedings addressing the first petition. The district court proceeded with the adult-certification hearing on October 30, which was approximately 48 days after the state filed the second petition. Thus, the delay was not significantly long.

Finally, it does not appear that appellant has suffered great prejudice by the delay. "Prejudice may occur when witnesses die, become unavailable or lose their memory due

to delay; when the defendant loses an opportunity to make a crucial decision regarding his confinement or treatment; or when some other factor seriously affects the strength of appellant's case." *In re Welfare of G.D.*, 473 N.W.2d 878, 883 (Minn. App. 1991) (citations omitted). Appellant has not demonstrated any such prejudice. Instead, he argues only that his ability to participate in juvenile programming was adversely impacted by the delay. *See J.G.B.*, 443 N.W.2d at 871 (concluding J.G.B.'s argument that she was prejudiced because she would have admitted the delinquency petitions at the arraignment in order to obtain treatment in the juvenile system was persuasive because it would have been in J.G.B.'s interest to immediately enter a treatment program than continue to be detained). But appellant never argued that he would have admitted the delinquency petition in order to obtain treatment in the juvenile system more quickly. And, as discussed above, the delay was not significant. Therefore, appellant's speedy trial rights were not violated.

**Affirmed.**